IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

ALAN GIANGRECO, )
)
    Plaintiff, ) NO. 3:11-0176
) JUDGE HAYNES
v. )
)
3M COMPANY, )
)
    Defendant. )

# MEMORANDUM

Plaintiff, Alan Giangreco, filed this action under the Americans with Disabilities Act ("ADA") 29 U.S.C. § 621 et seq. and the Age Discrimination in Employment Act ("ADEA") 42 U.S.C. § 12101 et seq., against the Defendant, the 3M Company, his former employer. Plaintiff asserts claims that in April 2009, the Defendant terminated him and thereafter refused to rehire him based upon Plaintiff's constituting disability and age. Plaintiff also asserts ADA claims for the Defendant's failure to provide a reasonable accommodation for his disability by creating a successful work environment and for retaliation against Plaintiff based upon his disability.

Before the Court is the Defendant's motion to dismiss (Docket Entry No. 19) contending, in sum, that Plaintiff's amended complaint lacks the dates for some of the alleged discriminatory acts and otherwise lacks the requisite factual allegations about his disability and his request for a reasonable accommodation of his disability. Defendant argues these deficiencies render Plaintiff's claims implausible under recent Supreme Court precedents. In response, Plaintiff argues that his factual allegations are sufficient to state viable ADA and ADEA claims.

**A. Analysis of the Amended Complaint**

In his amended complaint, Plaintiff alleges that he was employed by Defendant 3M from May 1981 until April 2009 . (Docket Entry No. 32, Amended Complaint at ¶ 23). In sum, Plaintiff alleges that after an initial bout with depression, that required Plaintiff to take a three months leave, Plaintiff continued to work for the Defendant for another five (5) years. Id. at ¶¶ 16, 17, 18 and 27. As to the facts in support of his claim, Plaintiff's amended complaint reads as follows:

> 14. Plaintiff was formerly employed by the Defendant from May, 1981, until April, 2009, holding the position of senior account representative at the time of his termination.
>
> 15. Plaintiff was fifty-four (54) years old at the time he was terminated.
>
> 16. In 2004, Plaintiff was diagnosed with a disability resulting in chronic depression.
>
> 17. With the onset of his disability, Plaintiff availed himself of the Defendant's employee assistance program to treat depression. He contacted, among others, Dr. Nancy Ankney of the employees assistance program regarding this disability.
>
> 18. Plaintiff was placed on short term disability and held out of work for three months.
>
> 19. Defendant did not offer Plaintiff any accommodations to address his disability and help him succeed on the job.
>
> 20. When Plaintiff returned from his short term disability, Defendant stripped Plaintiff of some of his job duties.
>
> 21. Plaintiff discussed how his disability impacted his job duties with executives of the Defendant, including, but not limited to, vice president Debra Rectenwald.
>
> 22. After diagnosis of his disability, Defendant refused to send Plaintiff to trade shows.
>
> 23. Defendant then demoted Plaintiff three job grades. This demotion resulted in a loss of benefits.

24. Following the diagnosis of his disability, Plaintiff was relocated to by Defendant to work from home.

25. In January 2007, Defendant gave Plaintiff an ultimatum to transfer to Tennessee to continue working for Defendant. Plaintiff and his family agreed to relocate to Tennessee.

26. Plaintiff's Tennessee job duties were twice as burdensome as his previous job duties for Defendant. Plaintiff discussed these additional burdens with executives of the Defendant, including, but not limited to, regional director Cliff Yorke.

27. Defendant placed Plaintiff on corrective action and Plaintiff responded with improved performance.

28. Nevertheless, in April, 2009, Defendant eliminated Plaintiff's position and he was effectively terminated.

29. Immediately after his position was eliminated, Plaintiff applied for more than a dozen different positions with Defendant, including having discussions with defendant's vice presidents H.C. Shin and Patrick Deconnick.

30. Plaintiff was well qualified for each and every one of these new positions for which he applied.

\* \* \*

36. . . . .The unlawful practices include, but are not limited to: failing to provide Plaintiff reasonable accommodations to continue working in the office and provide a work environment and job responsibilities to allow Plaintiff to succeed without a relapse; and retaliated against Plaintiff as a result of his disability

(Docket Entry No. 23, Amended Complaint at 3, 4, 5 and 6).

Plaintiff also alleges that Defendant's treatment of him was disparate and based on his age. Id. at ¶ 41 through 43. Plaintiff notes the pending putative class action against the Defendant in Minnesota for age discrimination. Plaintiff earlier joined that action, but subsequently withdrew his claim and filed this action.

## B. Conclusions of Law

Defendant cites Plaintiff's lack of allegation that any of his major life activity were limited by his alleged disability, other than Plaintiff being "held out of work for three months. Id. at ¶ 17. Defendant cites the lack of any alleged facts about Plaintiff's request for a reasonable accommodation of his disability. Defendant asserts that the lack of specific dates Plaintiff's ADA and ADEA claims render his claims implausible because Plaintiff's claims are limited by the federal 300 days limitation period in Title VII, citing Williams v. Northwest Airlines, Inc., 53 Fed. Appx. 350, 351 (6th Cir. 2002).

In Ashcroft v. Iqbal, 129 S. Ct. 1937 (2009), a prisoner civil rights claim the Supreme Court reiterated the governing rules for deciding a Rule 12(b)(6) motion to dismiss for failure to state a claim:

> Under Federal Rule of Civil Procedure 8(a)(2), a pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." As the Court held in Twombly, 550 U.S. 544, 127 S.Ct. 1955, 167 L.Ed.2d 929, the pleading standard **Rule 8 announces does not require "detailed factual allegations," but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation.** Id., at 555, 127 S.Ct. 1955 (citing Papasan v. Allain, 478 U.S. 265, 286, 106 S.Ct. 2932, 92 L.Ed.2d 209 (1986)). A pleading that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." 550 U.S., at 555, 127 S.Ct. 1955. Nor does a complaint suffice if it tenders "naked assertion[s]" devoid of "further factual enhancement." Id., at 557, 127 S.Ct. 1955.
>
> To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." Id., at 570, 127 S.Ct. 1955. **A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.** Id., at 556, 127 S.Ct. 1955. **The plausibility standard** is not akin to a "probability requirement," but it **asks for more than a sheer possibility that a defendant has acted unlawfully.** Ibid. Where a complaint pleads facts that are "merely consistent with" a defendant's

liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.' " Id., at 557, 127 S.Ct. 1955 (brackets omitted).

Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice.

Rule 8 marks a notable and generous departure from the hyper-technical, code-pleading regime of a prior era, but it does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions.

Determining whether a complaint states a plausible claim for relief will, as the Court of Appeals observed, be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. 490 F.3d, at 157-158. But **where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged-but it has not "show[n]"-"that the pleader is entitled to relief."** Fed. Rule Civ. Proc. 8(a)(2).

**When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief.**

Id. 1949-50 (emphasis added). As the Sixth Circuit, observed in Patterson v. Novartis Pharmaceuticals Corp., 2011 WL 3701884 (6th Cir. 2011), "[m]erely pleading facts that are consistent with a defendant's liability or that permit the court to infer misconduct is insufficient." (quoting Iqbal, 129 S.Ct. at 1949–50).

As to the legal sufficiency to Plaintiff's ADA claims, the Court deems a reasonable inference from Plaintiff's complaint is that his initial depression over time became chronic depression that is his qualifying disability for his ADA disability. The nature of chronic depression connotes the need for some adjustment of Plaintiff's work. An increase in work assignments and a transfer to a new worksite in another state could reasonably be construed as discriminating against Plaintiff based on his disability. As to his request for a reasonable accommodation, Plaintiff's complaint identifies the Defendant's vice president about an

5

accommodation of his work for his chronic disability. If the Plaintiff alleged more specific facts of what he considered to be a reasonable accommodation, the Court could not evaluate its plausibility without additional proof.

As to dates of the discrimination, Plaintiff was terminated in April 2009 and filed a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC") in January 2010. The EEOC's right to sue letter (Docket Entry No. 1, Complaint, Exhibit A thereto) gave Plaintiff ninety days from November 30, 2010 to file a lawsuit, and Plaintiff filed his complaint on February 25, 2011. Thus, Plaintiff's complaint is timely. Defendant allegedly retaliated against Plaintiff when the Defendant reassigned and terminated him and Defendant's subsequent refusals to hire are clearly timely. As to the timeliness of other claims for hostile work environment and retaliation, even if those claims were deemed time-barred, that ruling would not preclude those allegations as historical and probative facts on the Defendant's real reason for Plaintiff's termination and repeated refusals to rehire him.

Based upon these facts, the Court concludes that the Defendant's motion to dismiss should be denied.

An appropriate Order is filed herewith.

It is so **ORDERED**.

ENTERED this the 22nd day of September, 2011.

                                              WILLIAM J. HAYNES, JR.
                                              United States District Judge